FILED
2011 Oct-14  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTH EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID TINSLEY UNDERWOOD & BECKY JORDAN,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Number |
| | ) | **5:11-cv-02588-AKK** |
| **v.** | ) ) | |
| **CULLMAN COUNTY SHERIFF'S DEPARTMENT, TYLER RODEN, VINCENT HART, D. CUMMINGS, CULLMAN COUNTY COMMISION, CITY OF HOLLY POND, et al.;** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant City of Holly Pond's (the "City") Motion to Dismiss.  Doc. 6.  Plaintiffs David Tinsley Underwood ("Underwood") and Becky Jordan ("Jordan"), collectively ("Plaintiffs"), have responded, doc. 8, and the City has replied,  doc. 9.   For the reasons stated below, the City's Motion to Dismiss is **GRANTED**.

## I.  FACTUAL BACKGROUND

This case arises from the Cullman County Sheriff Department's deputies

alleged unlawful acts against Plaintiffs on July 18, 2009, and, as to Underwood only, on December 22, 2009. Doc. 1.  Specifically, on July 18, 2009, after Plaintiffs threw two small bags of garbage into the dumpster beside the Holly Pond Café,  Defendant Deputy Vincent Hart ("Hart"), a Cullman County sheriff assigned to the City of Holly Pond, allegedly approached Plaintiffs in his police car demanding to know what they threw in the trash.  *Id.* at 2.  Plaintiffs contend that after Hart searched the trash and found nothing incriminating, he demanded that Plaintiffs produce identification. *Id.*  Thereafter, after conducting a check for outstanding warrants on Plaintiffs, Hart allegedly searched Underwood's vehicle, without probable cause or authorization.  *Id.*

Furthermore, during the search, Hart checked the serial number on Underwood's laptop and claimed the laptop was reported stolen.  *Id.*  Although Underwood contended he purchased the laptop from a computer store, Hart arrested Plaintiffs nonetheless for receiving stolen property.  *Id.*  Hart then impounded  Underwood's car and allegedly coerced Underwood into signing a consent to search his vehicle, after-the-fact.  *Id.* at 3.  On or about August 11, 2009, three weeks after their arrest, the City dropped the receiving stolen property charge.  *Id.* at 3.  According to Jordan, the arrest and incarceration caused her to lose her job.  *Id.* at 2.

Next, on or about December 22, 2009, Defendant Deputy D. Cummings ("Cummings"), a Cullman County sheriff's deputy, pulled Underwood over on Country Road 780 for making a right turn from the left lane. *Id.* at 3.  Although Underwood contends that he provided a valid driver's licence, proper insurance, and registration, Cummings allegedly directed Underwood to exit the vehicle and then searched the truck.  *Id.*  Thereafter, Cummings called several other officers to assist in a second search of the vehicle.  *Id.*  Eventually, Cummings released Underwood with a warning citation.  *Id.*  When Underwood returned to this vehicle, he noticed the center compartment ripped up and the upholstery torn off in the front of the cab. *Id.*

On July 15, 2011, Plaintiffs filed a Complaint, under 42 U.S.C. § 1983, against Hart, Cummings, the City, Cullman County Sheriff's Department, Tyler Roden, and Cullman County Commission, collectively ("Defendants"), alleging that Defendants engaged in the intentional infliction of emotional distress and violated Plaintiffs' civil and constitutional rights.  Doc. 1. The City's motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6), doc. 6, at 1, is the matter pending currently before this court.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555

("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all of a plaintiff's factual allegations as true. *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

### III.  ANALYSIS

The starting point for the court's analysis is 42 U.S.C. § 1983, which creates a cause of action against persons who violate the Constitution and federal laws while acting under state government authority: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Section 1983 applies to municipalities; however, municipalities cannot be held liable on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978); *see also*

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993).  In other words, a municipality is responsible for its own acts but not the acts of its employees.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986). Thus, a municipality is liable under § 1983 only "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (citations and quotation marks omitted).  "A custom is a practice that is so settled and permanent that it takes on the force of law."  *Id*. (citations and quotation marks omitted).  "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (citations and quotation marks omitted).

Therefore, for Plaintiffs to hold the City liable for Hart and Cummings' actions under § 1983, initially, Plaintiffs must show that the City actually employed Hart and Cummings.  Second, even if they succeed in doing so, Plaintiffs must show also that Hart and Cummings undertook their actions pursuant to either (1) a policy, ordinance, regulation or decision officially adopted

and promulgated by the City's duly-authorized policymakers; or (2) a custom even though such a custom has not received formal approval through the City's official-decision making channels.  *Monell*, 436 U.S. at 690-91.   Because it is undisputed that Cummings worked only for the Cullman County sheriff's department, doc. 1, at 1; doc. 5, at 1, the City is not liable for his actions.  Therefore, to the extent Plaintiffs seek to hold the city liable for Cummings' actions, the City is due summary judgment on that claim.

As it relates to Hart, whether the City employed him in July 2008, as Plaintiffs contend, is disputed.[1] However, even if Plaintiffs are correct, to prevail, they must show also that Hart undertook his actions pursuant to either the City's policy or custom.  Unfortunately for Plaintiffs, their Complaint does not allege any wrongdoing by Hart on behalf of the City nor does it make reference to any policy or custom.  Indeed, the only cause of action Plaintiffs alleged is that they "sustained damages resulting from the unlawful acts of the *Cullman County Sheriff's Deputies and staff*. The defendants have engaged in the intentional

---

[1]Plaintiff's Complaint asserts Hart was "employed by the Cullman County Sheriff's Department . . . and the City of Holy Pond, Alabama." Doc. 1, at 1.  The Answer filed by Cullman County Sheriff's Department, Hart, Cummings, Tyler Roden and the Cullman County Commission, admitted Plaintiff's assertion.  Doc. 5, at 1. However, in the City's Response to Plaintiffs' Motion to Opposition, it contends that it did not employ Hart. Doc. 9, at 4.  Since Hart and the Sheriff's Department admitted otherwise, the court will treat Hart as an employee of the City for this motion.

infl[i]ction of emotional distress, they have engaged in actions . . . in direct

violation of their Civil and Constitutional Rights."  Doc. 1, at 4 (emphasis added).

In other words, they allege no § 1983 violations due to the City's policies and

customs.

Again, Plaintiffs cannot impute Hart's actions on the City on a respondeat

superior theory.  *Id.*  To hold the City liable under § 1983, Plaintiffs must contend

that Hart undertook his actions pursuant to the City's  policies and/or customs.

*Monell*, 436 U.S. 690-91.  Plaintiffs' Complaint does not meet this threshold.  In

fact, the first time Plaintiffs allude to the City having liability under § 1983 is in

their Motion in Opposition where they assert that the City "*may* have paid" Hart's

salary and it "*may* have been put on notice" that Hart had a practice of harassing

citizens in the community.  Doc. 8, at 2 (emphasis added). To prevail though,

Plaintiffs need facts rather than speculation or conjecture about what the City *may*

have done.  *Iqbal*, 129 S. Ct. at 1949. Likewise, Plaintiffs' generic statement that

municipalities and local governments are not immune from suit under 42 U.S.C. §

1983, doc. 8, at 2*,* does not carry the day since it is also a statement void of any

additional factual allegations that the City's policies and customs deprived them of

their constitutional rights.[2]

"While a complaint attacked by . . . a motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Rykard v. City of Dothan*, 2011 WL 3875609, at *1 (M.D. Ala. Aug. 9 2011)(quoting *Bell Atl. Corp*, 550 U.S. at 558).  Therefore, merely stating that municipalities and local governments are not immune from suit under § 1983 and that the City "may have been put on notice," doc. 8, at 2, does not raise a right to relief.  Likewise, Plaintiffs' "naked assertions" that the City may have paid Hart's salary and may have purchased his patrol vehicle, doc. 9, at 4, is not enough to withstand a motion to dismiss.

In the final analysis, the Complaint does not state a facially plausible claim for relief against the City and a sheer possibility that discovery may uncover that

---

[2]The court recognizes that Plaintiffs have requested that the court delay ruling on this motion until after they have had an opportunity to conduct discovery.  Doc. 8, at 1. Presumably, Plaintiffs hope to find some evidence during discovery to hold the City liable for Hart's conduct. The court declines to do so because the door to discovery is not unlocked "for a plaintiff armed with nothing more than conclusions." *Springman v. City of Venice*, 2011 WL 3846524, at *4 (11th Cir. 2011). To grant Plaintiffs' request would mean exposing the City to costly discovery based solely on Plaintiffs' unsubstantiated allegations. Doing so would be improper and contrary to the clear dictates of *Twombly* and *Iqbal*.

the City acted unlawfully is not enough.  Although Plaintiffs may eventually

establish that Hart and/or Cummings acted unlawfully and violated their rights,

such a showing alone is insufficient to hold the City liable for the deputies'

conduct.  Therefore, the court **GRANTS** the City's  Motion to Dismiss.


      **DONE** and ordered this 14th day of October, 2011.

                                                      **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE